UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| HEYER, JOHN C | ) | Case No. 05-28137-SQU |
| | ) | |
| | ) | Hon. JOHN H. SQUIRES |

## APPLICATION OF TRUSTEE'S COUNSEL OR OTHER PROFESSIONALS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

TO:   HONORABLE JOHN H. SQUIRES
      BANKRUPTCY JUDGE

GINA B. KROL, counsel for the Trustee pursuant to 11 U.S.C. §330 and FRBP 2016 submits this application for compensation and reimbursement of expenses and represents to the Court as follows:

1.    An order for relief under Chapter 7 was entered on July 15, 2005. On September 30, 2005, an order was entered approving the employment of Counsel for the Trustee. Counsel has received $0.00 in previously awarded compensation and reimbursement of expenses.

2.    Applicant requests $4,158.00, in compensation for 12.05 hours of services performed for the period September 27, 2005 through present and reimbursement of actual expenses in the amount of $21.65.

3.    A description of the nature of the services rendered by the Applicant is as follows:

ABANDONMENT

Attorneys for the Trustee reviewed the Debtor's Motion to Compel the Trustee to Abandon Real Property. Cohen & Krol appeared at the hearing on said motion on behalf of the Trustee. Cohen & Krol expended .95 hours in the activity of Abandonment.

AUTOMATIC STAY

Cohen & Krol read and reviewed the Motion of Andrew Katsoulis for Relief from Automatic Stay. Mr. Katsoulis was a personal injury plaintiff seeking to pursue insurance coverage in the state court. Cohen & Krol appeared at two court hearings regarding this matter on behalf of the Trustee. Cohen & Krol expended 1.05 hours in the activity of Automatic Stay.

CLAIMS

Cohen & Krol reviewed the Motion of Decatur Plaza, the Estate's largest creditor, for classification of its claims as "secured" as well as its Objection to Debtor's Exemptions. Cohen & Krol reviewed the Debtor's response in opposition and Decatur's reply thereto. Cohen & Krol appeared at court hearings regarding this matter which was ultimately denied.

Also in the activity of Claims, Cohen & Krol prepared and presented two Objections to Claims on behalf of the Trustee. A Trustee's objection to claim of Illinois Department of Revenue was sustained as was the Trustee's objection to the secured claim of Decatur Plaza.

Cohen & Krol expended 4.40 hours in the activity of Claims.

COMPENSATION

Cohen & Krol reviewed the request of Trustee's Special Counsel for Compensation and Reimbursement of Expenses. Cohen & Krol attended the Court hearing regarding that matter. Cohen & Krol expended 1.20 hours in the activity of Compensation.

LIENS

Cohen & Krol read and reviewed the Debtor's Motion to Avoid Lien of Citibank and the Debtor's Motion to Avoid Lien of Decatur Plaza. Cohen & Krol attended the requisite Court hearings on both motions. Cohen & Krol expended 1.80 hours in the activity of Liens.

PROFESSIONAL EMPLOYMENT

Cohen & Krol prepared Trustee's application to employ Cohen & Krol as general counsel to the Trustee and attended the Court hearing to present that application. Cohen & Krol also prepared and presented Trustee's application to employ Gregory Stearn to act as special counsel to the Trustee to pursue and adversary proceeding to avoid a preferential transfer. Cohen & Krol expended 2.65 in the activity of Professional Employment.

4. Attached as Exhibit "A" is an itemized statement of the legal services rendered. The statement reflects the legal services rendered, the time expended and a description of the work performed.

5. The time expended and services rendered by Applicant is summarized as follows:

| Attorney | Hours | Hourly Rate | Total |
|---|---|---|---|
| GINA B. KROL/GBK2005 | 6.10 | 330.00 | 2,013.00 |
| GINA B. KROL/GBK2006 | 3.45 | 350.00 | 1,207.50 |
| GINA B. KROL/GBK2007 | 2.50 | 375.00 | 937.50 |

6.  Attached as Exhibit "B" is an itemized statement of the actual expenses incurred by the Applicant.

7.  Based on the nature, extent and value of services performed by the Applicant, the results achieved, and the costs of comparable services, the compensation and reimbursement of expenses sought are fair and reasonable.

8.  At all times during Applicant's representation of the Trustee, Applicant was a disinterested person and neither represented nor held an interest adverse to the estate with respect to matters on which Applicant was employed.

WHEREFORE, Applicant requests that it be awarded reasonable compensation of $4,158.00 and reimbursement of actual and necessary expenses of $21.65 for legal services rendered in this case.

RESPECTFULLY SUBMITTED,

Date: October 10, 2007    /s/ Gina B. Krol

GINA B. KROL
105 West Madison Street
Suite 1100
Chicago, IL  60602-0000

**EXHIBIT G**